# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DONALD ROBBINS, )<br>)<br>Petitioner, )<br>vs.    )   2:10-cv-06-WTL-JMS<br>)<br>SUPERINTENDENT, WABASH VALLEY )<br> CORRECTIONAL FACILITY, )<br>)<br>Respondent. ) | |

### Entry Discussing Petition for Writ of Habeas
### Corpus and Denying Certificate of Appealability

### I.  Petition for Writ of Habeas Corpus

Donald Robbins seeks a writ of habeas corpus with respect to his convictions in an Indiana state court of two counts of murder, one count of aggravated battery, and one count of carrying a handgun without a license. Because the pleadings and the expanded record do not establish Robbins' entitlement to relief, his petition for a writ of habeas corpus must be **denied and this action dismissed.** This conclusion is based on the following facts and circumstances:

   1.    A federal court may issue a writ of habeas corpus on behalf of a state prisoner only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

   a.    Under provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only "if, as relevant here, a state court unreasonably applies clearly established federal law, meaning that it identifies the appropriate standard, but unreasonably applies it to the facts." *Curtis v. Montgomery,* 442 F.3d 578, 581 (7th Cir. 2009)(citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000)). In *Williams,* the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Id.* at 407. To be considered "unreasonable," a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *Goodman v. Bertrand,* 467 F.3d 1022, 1028 (7th Cir. 2006).

b. In addition to the AEDPA and substantive standard reviewed above, the court must note that "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied,* 508 U.S. 962 (1993). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's "*actual* and substantial disadvantage,"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); *see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002), *cert. denied,* 537 U.S. 1214 (2003).

2. Robbins' convictions were affirmed on appeal in *Robbins v. State,* No. 49A02-0404-CR-374 (Ind.Ct.App. February 2, 2005)(*Robbins I*). The trial court's denial of Robbins' petition for post-conviction relief on May 12, 2008, was affirmed on appeal in *Robbins v. State,* No. 49A04-0806-PC-342 (Ind.Ct.App. May 12, 2009)(*Robbins II*). In brief, the facts associated with the crimes and with Robbins' prosecution are the following: Robbins went to an Indianapolis tavern looking for the keys to his truck. In the late evening of August 4, 2003, he encountered brothers James Kirkland and Wayne Kirkland, as well as Don Matesick. In the parking lot of the tavern, Robbins shot and killed Wayne Kirkland, Robbins shot James Kirkland, who recovered, and Robbins shot Matesick, who died of a heart attack the day after being discharged from the hospital.

3. Robbins presents a medley of claims in support of his petition for a writ of habeas corpus. Based on the pleadings and the expanded record, however, the respondent is correct that these claims fail to support the grant of the habeas relief Robbins seeks.

4. Robbins' first claim is that the State suppressed exculpatory evidence and that the evidence was insufficient to support his convictions.

a. The first aspect of this claim–the alleged suppression of exculpatory evidence–was not presented to the Indiana state courts in either Robbins' direct appeal or in his petition for post-conviction relief. For this reason, Robbins has committed procedural default with respect to it. He has not shown the existence of circumstances sufficient to overcome the consequences of this default.

b. As to the sufficiency of the evidence itself, the relevant inquiry for a federal habeas court reviewing a sufficiency of evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Brumley v. Detella,* 83 F.3d 856, 862 (7th Cir. 1996). A petitioner is only "entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Cabrera v. Hinsley,* 324 F.3d 527,

533 (7th Cir. 2003) (citing Jackson, 443 U.S. at 324). In this case, the Indiana Court of Appeals' discussion of the evidence recognized the *Jackson* standard and provided Robbins and the State of Indiana with fair process and constituted reasoned, good-faith decision-making when applying *Jackson's* "no rational trier of fact" test. This determination that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt and that "[t]he jury in its role as trier of fact did not err in rejecting the self-defense claim," *Robbins II,* at p.6, did not run afoul of the AEDPA standard as expressed in 28 U.S.C. § 2254(d)(1), and hence Robbins is not entitled to relief based on this claim.

5.  Robbins' second claim is that he was denied the effective assistance of counsel at trial when his counsel failed to argue that ballistic and forensic evidence showed that he was physically incapable of shooting the victims.[1]

   a.  The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington,* 466 U.S. 668, 684 (1984). For a petitioner to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.,* at 687.

   b.  With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

   c.  The Indiana Court of Appeals noted that Robbins had failed to submit any evidence in support of his claim that he had been denied the effective assistance of counsel at trial, and, "[c]onsequently, we cannot say that the post-conviction court erred by denying Robbins's petition for post-conviction relief." *Robbins II,* at pp.9 (citations omitted).

   d.  The post-conviction court had reached the merits of Robbins' denial of the effective assistance of counsel claim. The Indiana Court of Appeals' adjudication of Robbins's claims of ineffective assistance of trial counsel was based on Robbins's failure to present any evidence in support of his claims. No showing of arguable error in this determination has been made, regardless of the standard which is applied.

---

[1] Robbins' habeas petition contains the assertion that he was denied the effective assistance of counsel in his direct appeal. No claim of this nature was presented to the Indiana state courts.

3

6.  Robbins claims that the State failed to supply forensic evidence both during the prosecution and during the post-conviction action.

   a.  Robbins did not present this claim to the state courts–resulting in procedural default. He has not shown the existence of circumstances sufficient to overcome the consequences of this default.

   b.  The second prong of this claim, moreover, does not present a cognizable basis for relief under § 2254(a). *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.) ("[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief"), *cert. denied,* 519 U.S. 907 (1996); *Williams v. State,* 640 F.2d 140, 143-44 (8th Cir.) ("Infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . . Errors or defects in the state post-conviction proceeding do not, *ipso facto,* render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."), *cert. denied,* 451 U.S. 990 (1981).

7.  This court has carefully reviewed the state record in light of Robbins' claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Robbins to relief in this case. Robbins' petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Robbins has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 06/03/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana